AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
| --- | --- | --- |
| v. | ) | |
| JOHN S. TOMBERLIN | ) | Case Number: DPAE2: 10-753-08 & 11-374 |
| | ) | USM Number: 66800-066 |
| | ) | Marc E. Davies |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1, 2, 10 and 11 of the Indictment in CR-10-753-08 and Count 1 of the Information in CR-11-374 on 8/15/11

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 USC 371 | Conspiracy to commit mail fraud affecting a financial institution | 4/1/2007 | One |
| 18 USC 1341 & 2 | Mail fraud affecting a financial institution, aiding & abetting | 4/1/2007 | Two |
| 18 USC 1956(h) | Conspiracy to commit money laundering | 4/1/2007 | Ten |
| 18 USC 1957 & 2 | Money laundering, aiding & abetting | 4/1/2007 | Eleven |
| 18 USC 1005 & 2 | Fraudulent participation in loan proceeds, aiding & abetting | | |

   The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   3-9 and 12-15   ☐ is   ☒ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/27/2015
Date of Imposition of Judgment

*(signature)*
Signature of Judge

Paul S. Diamond, United States District Court Judge
Name and Title of Judge

9/17/15
Date

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
         Sheet 1A

Judgment—Page __2__ of __8__

DEFENDANT:        JOHN S. TOMBERLIN
CASE NUMBER:      DPAE2: 10-753-08 & 11-374

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1005 and 2 | Fraudulent participation in loan proceeds, aiding and abetting | 6/1/2008 | One |

AO 245B  (Rev. 09/11) Judgment in Criminal Case
         Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: JOHN S. TOMBERLIN | Judgment — Page 3 of 8 |
| CASE NUMBER: DPAE2: 10-753-08 & 11-374 | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
  TIME SERVED ON ALL COUNTS, TO RUN CONCURRENTLY.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: JOHN S. TOMBERLIN
CASE NUMBER: DPAE2: 10-753-08 & 11-374

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

See Page 4.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
    Sheet 3A — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: JOHN S. TOMBERLIN
CASE NUMBER: DPAE2: 10-753-08 & 11-374

## ADDITIONAL SUPERVISED RELEASE TERMS

3 Years on Counts 1, 10 and 11 in CR10-753-08 and 5 years on Count 2 in CR-10-753-08 to run concurrently; and 5 Years on Count 1 in CR-11-374, all to run concurrently.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 6 of 8

DEFENDANT: JOHN S. TOMBERLIN
CASE NUMBER: DPAE2: 10-753-08 & 11-374

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall refrain from the illegal possession and use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to evaluation and treatment as approved by the Court after receiving a recommendation by the Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the Court.

The defendant shall provide the U. S. Probation Office with full disclosure of his/her financial records to include yearly income tax returns upon request. The defendant shall cooperate with the Probation Officer in the investigation of his/her financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with a payment schedule for any fine or restitution obligation or otherwise has the express approval of the Court. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the Fine or Restitution obligation or otherwise has the express approval of the Court.

The defendant shall participate in a mental health program for evaluation and/or treatment as approved by the Court after receiving a recommendation by the Probation Office. The defendant shall remain in treatment until satisfactorily discharged with the approval of the Court.

Payment of the Restitution and the Special Assessment is a condition of Supervised Release and the defendant shall satisfy the amount due in monthly installments of not less the $500.00.

The defendant shall fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns and by timely filing all future returns that come due during the period of supervision. The defendant shall properly report all correct taxable income and claim only allowable expenses on those returns. The defendant shall provide all appropriate documentation in support of these returns. Upon request, the defendant shall furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and shall fully cooperate by paying all taxes, interest, and penalties due, and otherwise comply with the tax laws of the United States

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
               Sheet 5 — Criminal Monetary Penalties

Judgment — Page 7 of 8

DEFENDANT:     JOHN S. TOMBERLIN
CASE NUMBER:     DPAE2: 10-753-08 & 11-374

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 500.00 | $ 0.00 | $ 1,874,637.20 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States District Court for distribution to: PNC Financial Services DRU Operations Center 535-539 South 4th Avenue Louisville, KY 40202 | $1,074,943.17 | $1,074,943.17 | 100 |
| and | | | |
| Troy Bank and Trust 1000 U.S. 231 Troy, AL 36081 | $799,694.03 | $799,694.03 | 100 |
| **TOTALS** | $ 1,874,637.20 | $ 1,874,637.20 | |

☒ Restitution amount ordered pursuant to plea agreement $ 1,874,637.20

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

|  |  |
|---|---|
| DEFENDANT: JOHN S. TOMBERLIN | Judgment — Page 8 of 8 |
| CASE NUMBER: DPAE2: 10-753-08 & 11-374 | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒ Lump sum payment of $ __1,875,137.20__  due immediately, balance due

  ☐ not later than _____ , or
  ☒ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

**B**  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒ Special instructions regarding the payment of criminal monetary penalties:

  Payment of the special assessment and restitution shall be a condition of supervised release. Payments shall be made at a rate of not less than $500.00 per month to in commence 30 days.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

  Co-Defendants in this matter: CR-2010-753-01: Joseph M. Brass; CR-2010-753-02: Michael J. Schlager; CR-2010-753-03: Mary C. Stankiewicz; CR-2010-753-04: Misty L. Kroesen; CR-2010-753-05: Curtis A. Kroesen; CR-2010-753-06: John Wiley Spann; CR-2010-753-07: Harold W. Young.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.